United States District Court
Southern District of Texas
**ENTERED**
May 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM FIFER JACKSON-BOULET, (Inmate # 2988699) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-20-2584 |
| OFFICER A. ALFARO, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER TO STAY AND ABATE

Plaintiff William Fifer Jackson-Boulet, a state pretrial detainee representing himself and proceeding without prepayment of the filing fees, has filed a civil rights action under 42 U.S.C. § 1983 against Houston Police Department Officer Moises Alfaro[1] and Harris County Sheriff's Department Detention Officer Sheldon Curtis based on allegations of two separate assaults. (Docket Entry No. 1). At the court's request, Jackson-Boulet filed a more definite statement of his claims. (Docket Entry No. 7). The court also ordered HPD and Harris County to provide reports with administrative records under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987). (Docket Entry No. 21). Based on a careful review of the complaint, the more definite statement, and the records provided in the *Martinez* reports, and pursuant to its obligations under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), the court abates and stays this civil action for the reasons explained below.

---

[1] Jackson-Boulet identified Officer Alfaro as Officer "A. Alfaro." Subsequent investigation has determined that the officer involved is Officer Moises Alfaro. (Docket Entry No. 24).

**I.     Background**

Jackson-Boulet is currently confined in the Harris County Jail awaiting trial on criminal charges of two counts of assault on a peace officer and one count of assault on a public servant.[2] (Docket Entry Nos. 25-1, 26-1, pp. 39-41).  The two counts of assault on a peace officer arose from events that occurred on or about March 17, 2019, and the indictment in Cause No. 1625074 identifies the victim as officer "A. Alfaro."[3]  (Docket Entry No. 25-1, p. 1).  The count of assault on a public servant arose from events that occurred on or about November 27, 2019, and the indictment in Cause No. 1655004 identifies the victim as "S Curtis."  (*Id.* at 3).

In his civil rights complaint, Jackson-Boulet alleges that HPD Officer Alfaro illegally searched him and assaulted him while he was handcuffed during the course of his arrest on the evening of March 17-18, 2019.  (Docket Entry No. 7, p. 9).  Jackson-Boulet alleges that Detention Officer Curtis assaulted him in the dayroom of his Harris County Jail pod on November 27, 2019.  (*Id.* at 7).  He seeks both actual and punitive damages from both officers for his alleged injuries.  (Docket Entry No. 1, p. 5).

**II.    Discussion**

Jackson-Boulet's civil rights complaint alleges claims for assault and excessive force against both officers.  When a pretrial detainee brings an action under 42 U.S.C. § 1983 alleging a civil rights violation based on the amount of force used during an arrest or detention, the court must first consider whether a judgment in favor of the plaintiff would make a later criminal conviction or sentence on the detainee's pending offenses invalid.  *See Heck v. Humphrey*, 512

---

[2]*See* Harris County Sheriff's Office Jail Information, *available at* https://www.harriscountyso.org/Jail Info/HCSO_FindSomeoneInJail.aspx (last visited May 3, 2022).

[3]The second count also arose from events that occurred on or about March 17, 2019, and the indictment in Cause No. 1625075 identifies the victim as officer "O. McNeilly."  (Docket Entry No. 25-1, p. 2).  Officer McNeilly was previously dismissed from this case.  (Docket Entry No. 8).

U.S. 477, 486-87 (1994). If so, the civil rights claim is barred unless the plaintiff proves that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or called into question by a federal court's issuance of habeas corpus." *Id*. at 487. This *Heck* bar applies particularly to excessive force claims brought by an individual charged with or convicted of an assault arising from the same events that give rise to the plaintiff's claims. *See, e.g., Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000) (noting that "an excessive force claim under section 1983 is barred as a matter of law [by *Heck*] if brought by an individual convicted of aggravated assault related to the same events"); *Sappington v. Bartee,* 195 F.3d 234, 237 (5th Cir. 1999) (holding as a matter of law that the amount of force used cannot, under *Heck,* be deemed excessive when the plaintiff has been convicted of assaulting an officer under Texas law); *Hudson v. Hughes,* 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under *Heck* if a successful civil-rights claim would call into question the validity of the plaintiff's conviction).

Jackson-Boulet has not been convicted of the assault charges currently pending against him, but his allegations of assault during his arrest by Officer Alfaro and by Officer Curtis at the jail would, if true, directly challenge the validity of his pending criminal charges and would undermine the validity of any ensuing convictions and sentences on those charges. Under these circumstances, when a pretrial detainee has filed a civil rights action that implicates rulings that will likely be made in a pending criminal proceeding, the Supreme Court has explained that the best practice is for the district court to stay the § 1983 action until the criminal case is ended. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn

that conviction, *Heck* will require dismissal." *Kato*, 549 U.S. at 394. If the plaintiff is not convicted, this lawsuit may proceed absent some other bar to the suit. *Id.* But until the criminal charges against Jackson-Boulet are finally resolved, his claims for damages against Officer Alfaro and Officer Curtis may not proceed.

**III.    Conclusion**

This action is stayed and abated pending disposition of the criminal charges against Jackson-Boulet in Harris County Cause Nos. 1625074 and 1655004, including any future appeals. This case is administratively closed until further order of the court. To proceed with these claims, Jackson-Boulet must file a motion to reinstate this action within 30 days after the date that the criminal proceedings terminate in his favor by either an acquittal or a failure to convict. Any and all pending motions are denied as moot.

SIGNED on May 19, 2022, at Houston, Texas.

                                                                        _____
                                                                                    Lee H. Rosenthal
                                                                         Chief United States District Judge

4